UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
SHAWN THOMAS,

                        Plaintiff,                                  COMPLAINT

      -against-

THE CITY OF NEW YORK, POLICE OFFICER YVES
DORISME, Shield No. 12335, SERGEANT MOHAMMED        JURY TRIAL
KARIMZADA, Shield No.: 786, POLICE OFFICER             DEMANDED
KRZYSZTOF BOGDANOWICZ, Tax ID No.: 938080,
POLICE OFFICER SOTO, COURT OFFICER ROBERT
KEANE, COURT OFFICER SERGEANT KNOLLEN,
POLICE OFFICER EFRAIN ROJAS, Shield No. 19553, and
JOHN and JANE DOES 1 through 10, Individually and in their
official capacities(the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                        Defendants.
-------------------------------------------------------------------------x

Plaintiff, SHAWN THOMAS, by his attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiff's civil rights, as said rights are secured by the Constitution of the United States.

### JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Fifth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

1

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff SHAWN THOMAS is a legal resident of the United States and a resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the defendants, POLICE OFFICER YVES DORISME, SEARGEANT MOHAMMED KARIMZADA, POLICE OFFICER BOGDANOWICZ, POLICE OFFICER SOTO, POLICE OFFICER EFRAIN ROJAS and JOHN and JANE DOE 1 Through 10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. COURT OFFICER ROBERT KEANE and COURT OFFICER SERGEANT KNOLLEN are duly sworn court officers and were acting under the supervision of the Office of Court Administration ("OCA").

11. The "OCA" is a the administrative arm of the New York State Uniform Court System and employs court officers, including defendants KEANE and KNOLLEN, to maintain order in the courts of the State of New York

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK or OCA.

14. Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK or OCA..

## FACTS

15. Plaintiff Shawn Thomas is a forty eighty-year-old photographer who lives in Brooklyn. Mr. Thomas has worked as a photographer since 2002, as both a self-employed wedding photographer and a free-lance photographer.

3

16. In addition to his professional photography, Mr. Thomas assembles collections of images and footage with artistic and political messages that he distributes to audiences via the Internet. He believes that photography is a powerful means of communication about police misconduct.

17. During the course of photographing police conduct he has regularly experienced and observed harassment by state and city officials who targeted photographers in public areas in violation of the First Amendment.

18. Mr. Thomas—in order to promote the memorialization of police conduct toward citizens—encourages people of color, especially young African-American males, to photograph or video their encounters with police. He has been arrested on numerous occasions for recording police activity.

### JANUARY 4, 2013 ARREST

19. On January 4, 2013, plaintiff was walking along Saint Edwards Street in Brooklyn, New York when he noticed one police officer on foot turning into a courtyard adjacent to 46 Saint Edwards Street. Plaintiff positioned himself outside of 46 Saint Edwards Street where the police activity was occurring and accessed his smart phone so he could record the activity that took place in the above location. While he was attempting to record the activity at 46 Saint Edwards Street, he noticed defendant KARIMZADA exit and reenter the building and pushed a woman standing on the stoop outside the building.

20. As plaintiff continued to record the police activity, which included the arrest of an individual, he was approached by defendant KARIMZADA who pushed plaintiff. Plaintiff was asked for identification and he responded by questioning why this request was being made. Defendant KARIMZADA grabbed the I-phone and flashlight camera in plaintiff's hands and threw the bag of groceries he was holding to the ground.

21. Defendant KARIMZADA then handcuffed plaintiff and placed him under arrest despite not having probable cause that plaintiff had violated the law. Defendant purposely tightened the handcuffs causing the plaintiff to suffer swelling and numbness to his left hand and pain to his left shoulder and chest.

22. Plaintiff was brought to PSA station on Central Avenue in Brooklyn New York, searched and placed in a holding cell. He requested medical treatment for his injured hand, shoulder and chest, but was denied medical treatment by the defendants. While at the precinct defendant KARIMZADA discovered that, prior to his arrest, plaintiff had left his two children with his mother so that he could purchase the groceries he was carrying when he was arrested. Defendant KARIMZADA threatened to charge him with child endangerment and told him, "next time you'll mind your fucking business." Plaintiff was ultimately charged with Obstructing Governmental Administration in the Second Degree, Disorderly Conduct and Criminal Possession of a Weapon in the Third Degree.

23. The plaintiff spent approximately 30 hours in custody before he was arraigned in Brooklyn Criminal Court where he was released on his own recognizance.

24. After numerous appearances in court to answer these false charges, all charges were dismissed on the merits on September 24, 2013. When plaintiff received back his I-phone, the video he took of the police conduct that led to his arrest was erased.

25. As a result of the foregoing, plaintiff, SHAWN THOMAS, sustained, *inter alia*, emotional distress, embarrassment, and humiliation, injury to his left hand, left shoulder and chest and deprivation of his constitutional rights.

## JUNE 15, 2013 ARREST

26. On June 15, 2013, plaintiff went to an area outside precinct PSA3 at 25 Central Avenue, Brooklyn, New York to attempt to identify the police officers who were involved in his January 4, 2013 arrest. He positioned himself outside the gated area surrounding the precinct and began videoing police officers entering and exiting the location.

27. Plaintiff was approached by defendant SOTO—stating that the plaintiff could be a terrorist for photographing the police station—who demanded that the plaintiff produce identification, to which plaintiff refused. SOTO then physically attacked plaintiff and he was ultimately arrested, without probable cause, by SOTO and BOGDANOWICZ. He was handcuffed and brought into the precinct and held for several hours. Plaintiff was charged with Disorderly Conduct and issued a summons to appear in court on September 17, 2013.

28. The charges were dismissed prior to plaintiff's appearance in court.


29. As a result of the foregoing, plaintiff, SHAWN THOMAS, sustained, *inter alia*, emotional distress, embarrassment, and humiliation and deprivation of his constitutional rights.

## OCTOBER 25, 2013 ARREST

30. Beginning in the Spring of 2010, plaintiff began handing out cards to individuals leaving Brooklyn Criminal Court at 120 Schermerhorn Street, Brooklyn, New York informing them that they should be prepared to video anytime they are harassed by police officers.

31. On August 6, 2010, New York State court officers employed by the OCA, confiscated the cards, arrested plaintiff and handcuffed him to a chair inside the courthouse. He was issued two summonses for Unlicensed Vending and Possession of a Knife. The summonses were dismissed prior to the date plaintiff was to appear in court.

32. Plaintiff filed a written complaint to the Inspector General of OCA regarding this incident on September 23, 2013. On October 24, 2013, in response to plaintiff's complaint, he was interviewed in person at The OCA Office of the Inspector General regarding plaintiff's complaint regarding his 2010 arrest by court officers.

33. On October 25, 2013, plaintiff was in Brooklyn Criminal Court when he was approached by defendants KEANE and KNOLLEN and Court Clerk Kenneth Fay. The defendants detained plaintiff, confiscated his phone and demanded his password so they could access the content of his phone. When plaintiff refused he was illegally

7

detained and arrested without probable cause and charged with Disorderly Conduct.

34. The illegal arrest was motivated by the August 6, 2010 incident and plaintiff's subsequent written complaint to the Inspector General of OCA.

35. The summons was dismissed on the merits in June 2014.

36. When plaintiff received the phone that was confiscated on October 25, 2013 he discovered that the phone had been computer hacked, suffered digital damage including data loss. Plaintiff also discovered that his personal contact list was maliciously tampered with causing a virus to be emailed to several of his contacts as if they were sent by plaintiff.

37. As a result of the foregoing, plaintiff, SHAWN THOMAS, sustained, *inter alia*, emotional distress, embarrassment, and humiliation and deprivation of his constitutional rights

## FEBRUARY 15, 2014 ARREST

38. On February 15, 2014, the plaintiff was lawfully standing on the 3 and 4 trains platform of the Utica Avenue subway station located on Utica Avenue and Eastern Parkway in Brooklyn New York. At approximately 5:50 PM at the above location, the plaintiff began to video a member of the New York City Police Department making an arrest.

39. After several minutes, defendant ROJAS, approached the plaintiff stood approximately two feet in front of him and then ROJAS used his own cellphone to

8

obstruct the plaintiff's camera by placing the cell phone against plaintiff's camera lens. Plaintiff continued to video the encounter leading to his being dragged out of the subway station, thrown to the pavement, placed under arrest, handcuffed and charged—without probable cause— with Obstructing Governmental Administration in the Second Degree, Resisting Arrest, Trespass and Disorderly Conduct.

40.  During the course of the arrest, ROJAS assaulted and battered the plaintiff by striking the plaintiff in the back of the head, driving his face to the pavement causing lacerations to the interior and exterior of plaintiff's mouth.

41.  ROJAS falsely stated - under oath in the accusatory instrument charging plaintiff with the above crimes and violation - that plaintiff was standing in very close proximity to ROJAS and his partner while he was videoing the police activity. In fact, plaintiff was 30 feet away from ROJAS when he was videoing the arrest of the other individual.

42.  Plaintiff spent more than 24 hours in custody before his arraignment in Brooklyn Criminal Court. The plaintiff made numerous appearances in court to answer the charges against him for this incident. On July 17, 2014, all charges were dismissed on the merits.

43.  As a result of the foregoing, plaintiff, SHAWN THOMAS, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
**42 U.S.C. § 1983 and First and Fourteenth Amendments Against All Defendants**

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if fully set forth herein.

45. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

46. The four arrests of plaintiff by municipal and state agents occurred because, or in retaliation for, plaintiff videoing improper police conduct or in retaliation.

47. By their conduct, as described, herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech and assembly under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights; subjecting him to false arrest and illegal excessive force; maliciously prosecuting him to deter the exercise of his First Amendment rights; and interfering with and/or terminating his lawful protected activities of observing and documenting police conduct in a public forum. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as law enforcement officers, with the entire actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City and State of New York, the New York City Police Department and the New York State Office of Court Administration, all under the supervision of ranking officers of said departments.

50. Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## AS AND FOR A SECOND CAUSE OF ACTION
**42 U.S.C. § 1983 and Fourth and Fourteenth Amendments Against All Defendants**

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his rights to be free from unreasonable searches and seizures and arrests without reasonable suspicion or probable cause as required by the Fourth and

Fourteenth Amendments which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

54. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## AS AND FOR A THIRD CAUSE OF ACTION
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments Against Defendants Dorisme, Karimzada (January 4, 2013 Arrest) and Rojas (February 15, 2014 Arrest) and JOHN DOES 1-10

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. By their conduct, as described herein, defendants DORISME, KARIMZADA and ROJAS and JOHN DOES 1-10 are liable to the plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the U.S. Constitution.

57. Defendants DORISME, KARIMZADA and ROJAS and JOHN DOES 1-9 unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants DORISME, KARIMZADA and ROJAS and JOHN DOES 1-9 of the plaintiff's arrest, yet defendants DORISME, KARIMZADA and ROJAS and JOHN DOES 1-9, continued

with the prosecutions by providing false information to the prosecutors, which were resolved in plaintiff's favor.

58. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment

## AS AND FOR A FOURTH CAUSE OF ACTION
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments Against Defendants Dorisme, Karimzada (January 4, 2013 Arrest) and Rojas (February 15, 2014 Arrest) and JOHN DOES

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "58" with the same force and effect as if fully set forth herein.

60. By their conduct, as described herein, defendants DORISME, KARIMZADA and ROJAS and JOHN DOES 1-9 are liable to the plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments to the U.S. Constitution which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

61. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### AS AND FOR A FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 and Fifth and Fourteenth Amendments
### By Plaintiff Against All Defendants

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "61" with the same force and effect as if fully set forth herein.

63. By their conduct, as described herein, defendants are liable to the plaintiff under 42 U.S.C. § 1983 for the violation, under color of law, of the constitutional right to be free from the deprivation of liberty without due process of law as required by the Fifth and Fourteenth Amendments to the U.S.

64. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### AS AND FOR A SIXTH CAUSE OF ACTION
### Monell Claim against Defendant City of New York

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "64" with the same force and effect as if fully set forth herein.

66. At all relevant times herein, defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the plaintiff's constitutional rights which caused the violation of such rights.

67. The New York Police Department defendants' DORISME, KARIMZADA, SOTO, BOGDANOWICZ, ROJAS AND JOHN DOES 1-9 unlawful actions were done willfully and with the specific intent to deprive plaintiff of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

68. The constitutional abuses and violations by defendant City of New York, through the actions of its police department and Defendants DORISME, KARIMZADA BOGDANOWICZ, SOTO, ROJAS and JOHN DOES 1-9, were and are directly and proximately caused by policies, practices and/or customs developed the failure: (a) to adequately supervise and train its officers and agents, including the above-named defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including the above-named defendants; and ( c) adequately and properly investigate citizens complaints of police misconduct, and, instead, acts of misconduct were tolerated by the City of New York.

69. Upon information and belief, defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct.

70. Defendants' unlawful actions were done willfully, knowingly and with specific intent to deprive plaintiff of his constitutional rights under the First, Fourth and Fourteenth Amendments to the U.S. Constitution.

71. Defendants have acted with deliberate indifference to the constitutional rights of plaintiff. As a direct and proximate result of the acts as stated herein by each of the defendants, the plaintiff's constitutional rights have been violated which has caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

WHEREFORE, plaintiff demand judgment and prays for the following relief, jointly and severally, against the defendants:

A. A declaration that defendants' conduct violated plaintiff's First, Fourth, Fifth and Fourteenth Amendment rights in violation of the U.S. Constitution;

B. An injunction enjoining defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with or prevent the lawful First Amendment activities explained of herein;

C. Full and fair compensatory damages in an amount to be determined by a jury;

D. Punitive damages in an amount to be determined by a jury;

E. Reasonable attorney's fees and the costs and disbursements of their actions pursuant to 42 U.S.C. §§ 1920 and 1988; and,

F. Such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 29, 2015

                                                                /s/

EDWARD FRIEDMAN (EDF 4000)
Attorney for Plaintiff
26 Court Street - Suite 1903
Brooklyn, New York 11242
(718) 852-8849
edfriedmanlaw@aol.com