

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**PETER J. FOGARTY**
Assistant Corporation Counsel
Phone: (212) 356-3514
Fax: (212) 356-3558
Email: pfogarty@law.nyc.gov

February 28, 2017

**BY ECF**
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>Shawn Thomas v. City of New York, et al.</u>
           15 CV 2594 (LDH) (RML)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney defending the City of New York, Yves Dorisme, Mohammed Karimzada, and Krzysztof Bogdanowicz ("City Defendants") in the above-referenced matter. City Defendants write to respectfully request a pre-motion conference before Your Honor in advance of City Defendants' anticipated motion to dismiss this action in response to plaintiff's violations of the Confidentiality Stipulation and Protective Order. (See Docket Entry No. 23) Police Officer Efrain Rojas's counsel, Douglas LaBarbera, Esq., joins in this application.

      By way of background, the parties submitted a Stipulation of Confidentiality and Protective Order to the Court on March 24, 2016 and the Court endorsed that Protective Order the following day. (See Docket Entry No. 23) Throughout the course of discovery, City Defendants produced many documents pursuant to the Protective Order and many of those documents bore a watermark stating that the documents were confidential and to be used only in the instant litigation. Despite this Protective Order and the unequivocal watermark, plaintiff posted 20 pages of discovery that were marked confidential on his Facebook page including photographs of Police Officer Rojas and his partner who were involved in one of the underlying incidents at issue in this case.

      The issue of plaintiff posting these confidential materials on Facebook was raised during the first day of plaintiff's deposition on February 17, 2017. Plaintiff's counsel

represented that these materials would be removed from Facebook.  As of the date hereof, it appears that the 20 pages of confidential discovery and the photographs of P.O. Rojas and his partner which were posted on plaintiff's Facebook wall have been removed.  While plaintiff has seemingly removed the confidential materials from his Facebook wall, that he, through counsel, agreed was confidential and to be used only in connection with the instant litigation, prior to its removal the post of the 20 pages of discovery had been "shared" four times, reacted to 10 times, and commented on at least five times.  The photographs of the officers had been reacted to 8 times and commented on multiple times including one comment that says "Bring the pain!"  Thus, irreparable damage has already been done as the confidential material had been seen, "shared", and commented on by multiple people prior to its removal.  Moreover, City Defendants have no assurance that plaintiff has not posted the materials on other social media sites or otherwise improperly disseminated the confidential materials.  Furthermore, plaintiff has subsequently posted on his Facebook wall that he wonders how the City is going to protect Police Officer Rojas after the trial as he plans on publishing "his photos, "handwritten notes, the false criminal complaint that he filed against me, the audio of his incompetent ass telling lies to both IAB and CCRB, the findings of both IAB and CCRB, and whatever I get from the trial." (See Exhibit A[1] attached hereto)  Plaintiff has made clear that he intends on violating this Protective Order in the future and has no regard for the Court-endorsed stipulation between the parties.

       Plaintiff's actions in contravention of the Protective Order work against the free flow of discovery between the parties, including confidential material.  The Protective Order is in place to ensure that plaintiff has access to confidential materials that are relevant discovery while also protecting those materials and the legitimate privacy and safety concerns of the police officers.  In light of plaintiff's demonstrated disregard for the unequivocal terms of the Court endorsed protective order, City Defendants respectfully request that plaintiff be sanctioned and that this case be dismissed in its entirety.

       "The Supreme Court has made clear that a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons."  Sassower v. Field, 973 F.2d 75, 80-81 (2d Cir. 1992) (citing Chambers Nasco, Inc., 501 U.S. 32 (1991)).  District courts have "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers, 501 U.S. at 44-45. The court's power includes the ability to dismiss the lawsuit entirely, with prejudice. See Koehl v. Greene, No. 10-609-cv, 424 Fed. Appx. 61, 62 (2d Cir. 2011) (quoting Chambers, 501 U.S. at 45). Sanction of dismissal is warranted "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." NHL v. Metro. Hockey Club, 427 U.S. 639, 643 (1976). Although dismissal with prejudice is a severe remedy, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record."  Southern New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123 (2d Cir. 2010).

---

[1] Redactions were made to photographs of minors and non-parties in this action.

      Here, the District Court has the ability to dismiss the complaint with prejudice based on plaintiff's bad faith behavior of posting confidential materials and his statement that he intends to violate the Protective Order in the future.  First, plaintiff agreed to the terms Protective Order which clearly provide that the Confidential Materials are not to be disclosed except to any other party, an attorney of record, or any member of the staff, except under specific conditions.  None of those specific conditions included plaintiff posting these confidential materials to his public Facebook wall.  Moreover, these materials are clearly marked confidential with a watermark across the documents.  This sanction would also serve as a deterrent for future litigants who casually disregard the terms of Confidentiality Stipulations and Protective Orders.  It is clear from plaintiff's Facebook post, attached hereto as Exhibit A, that plaintiff has no intention of complying with the terms of this Confidentiality Stipulation and Protective Order in the future.  If the Court is not inclined to grant dismissal of the complaint City Defendants respectfully submit that, at a minimum, the claims against Police Officer Rojas should be dismissed with prejudice given the irreparable harm plaintiff has already inflicted and intends to inflict in the future.

      Thank you for your consideration herein.

      Respectfully submitted,

      /s
      Peter J. Fogarty
      Assistant Corporation Counsel

cc:    Edward Friedman, Esq. (Via ECF)
      *Attorney for Plaintiff*

      Doug LaBarbera, Esq. (Via ECF)
      *Attorney for Defendant Rojas*

      Michael Berg, Esq. (Via ECF)
      *Attorney for State Defendants*